Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner and in an executed Pre-Trial Agreement dated 28 February 1994 as:
STIPULATIONS
1. At the time of the alleged contraction of an occupational disease, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is self-insured; Constitution State Service Company was the adjusting agency.
4. An Index of Interrogatories and Documents, marked as Stipulated Documents 1, are stipulated into evidence.
***********
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Warren B. Burrows, II, M.D., George A. Ferre, M.D. and Fred D. McQueen, Jr., M.D., are OVERRULED; except that the objection on Page 17 of the deposition of Warren B. Burrows, II, M.D., is SUSTAINED.
***********
The Full Commission adopts the findings of fact found by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff began her employment with defendant-employer in Rockingham, North Carolina, in 1977 and worked there until July of 1993. During the entire period of plaintiff's employment with defendant-employer, plaintiff worked as a quality checker.
2. Plaintiff's duties as a quality checker included inspecting stockings which were stored in finish bags on weaving machines. Plaintiff took the stockings out of the finish bag, inspected the waistband and put the stocking onto a form using a hand over hand motion. The top of the form was approximately at plaintiff's eye level. Plaintiff inspected approximately three stockings per minute over her eight hour shift. Plaintiff's shift included lunch and two ten minute breaks.
3. Plaintiff first began to experience the symptoms which resulted in her claim in June of 1993. At that time, plaintiff was complaining of pain and soreness in her upper extremities.
4. As a result of the symptoms which plaintiff experienced, plaintiff was seen and evaluated by Dr. Fred McQueen, Jr., Dr. George Ferre and Dr. Warren B. Burrows, II.
5. As a result of plaintiff's employment with defendant-employer, plaintiff sustained cervical spondylosis.
6. There is insufficient medical evidence of record, however, from which to prove by its greater weight that plaintiff's employment with defendant-employer placed plaintiff at an increased risk of contracting cervical spondylosis than members of the general public not so employed.
7. On and following June of 1993, as a result of plaintiff's employment with defendant-employer, plaintiff did not sustain either carpal tunnel syndrome or tendonitis in her wrists.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has no disease and no disability related to causes and conditions which were characteristic of and peculiar to plaintiff's employment with defendant-employer. G.S. § 97-53(13).
2. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-53.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________ J. RANDOLPH WARD COMMISSIONER